QUESTION: Does a local order issued by the Chief Judge of the Ninth Judicial Circuit, which designated the "primary assignment" of a circuit judge as the Osceola County Division of that circuit, establish the official headquarters of that judge and his secretary in Kissimmee for the purposes of s. 112.061, F. S.?
SUMMARY: Although the local order of the Ninth Judicial Circuit designating the "primary assignment" of a circuit judge as the Osceola County Division of that circuit is unclear as to its effect on the official headquarters of that judge and his secretary, it would appear that if the judge and secretary are, in fact, performing the substantial portion of their official duties in Kissimmee, then that city should be their official headquarters for purposes of s. 112.061, F. S. Section 26.52, F. S., provides that "[e]ach circuit judge shall be reimbursed for traveling expenses as provided in s. 112.061." Section 112.061 generally limits the entitlement of public officers and employees to per diem and traveling expenses to authorized travel away from their "official headquarters," and according to s. 112.061(4), "[t]he official headquarters of an officer or employee assigned to an office shall be the city or town in which the office is located." Cf. AGO 075-275. Applying the foregoing definition of the term "official headquarters" to the instant situation, neither the Florida Constitution nor the Florida Statutes specifically establish the official headquarters of circuit judges. However, s. 2(d), Art. V, State Const., provides that the chief judge in each circuit shall be responsible for the administrative supervision of the circuit courts and county courts in his circuit. Moreover, Rule 1.020, Florida Rules of Civil Procedure, provides that the chief judge of each circuit shall develop an administrative plan for the efficient and proper administration of all courts within his circuit, such plan to include the "assignment of judges and other court officers." Pursuant to these provisions, I am of the opinion that the chief judge of each judicial circuit has the authority and responsibility of designating the official headquarters of each judge in his circuit for purposes of s.112.061, supra. Cf. AGO 072-248. In making this designation, it would appear that the location of the "official headquarters" of a circuit judge that is most consistent with the definition of that term as it is used in s. 112.061 is the city or town wherein the circuit judge performs the substantial portion of his judicial duties. Cf. AGO 064-21. As to whether the local order in question constitutes a designation by the chief judge of the official headquarters of the circuit judge involved, as contemplated by s.112.061, F. S., it is unclear that such was the chief judge's intent. The order designates the Osceola County Division as the judge's "primary assignment" for a period of 1 year, but also allows for secondary assignment of the judge, perhaps in another location, or assignment of him at any time to the circuit or county courts in Orange and Osceola Counties. Moreover, nowhere in the order is it expressly indicated that any of the circuit judges' offices are being relocated in another city or town. Thus, it would appear that the appropriate resolution of the question you present lies with the chief judge of the Ninth Judicial Circuit, i.e., he may issue a clarifying order or an order expressly designating the official headquarters of the judges in his circuit. In either event, he should be guided by the meaning of the term "official headquarters" as defined in s. 112.061 and as discussed hereinabove. With respect to the secretary who assists the circuit judge involved in carrying out his "primary assignment" in the Osceola County Division, nothing in the local order in question purports to assign her to an office in Kissimmee or "station" her in Kissimmee as contemplated by s. 112.061(4)(b), F. S. (which provision, it might be noted, is apparently limited in application to "employees" as defined in s. 112.061(2)(d), F. S.). Nor am I informed that she has been assigned or stationed in Kissimmee by the circuit judge for whom she works. Accordingly, I cannot conclude where her official headquarters is located for purposes of s. 112.061. However, consistent with the discussion hereinabove, it would appear that her official headquarters should be located wherever she is, in fact, performing the substantial portion of her secretarial duties.